IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT
OF TEXAS MCALLEN DIVISION

| | | |
|---|---|---|
| ANNA BELIA GARZA | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL ACTION |
| | § | CASE NO. 7:18-CV-00125 |
| COMPASS BANK AND | § | |
| SELIM H. TAHERZADEH | § | |
| SUBSTITUTE TRUSTEE, | § | |
|     DEFENDANTS. | § | JURY TRIAL REQUESTED |

**********************************************************
PLAINTIFF'S AMENDED ORIGINAL COMPLAINT
**********************************************************

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **ANNA BELIA GARZA**, Plaintiff in the above-styled and numbered case, complaining of **COMPASS BANK AND SELIM H. TAHERZADEH SUBSTITUTE TRUSTEE as Substitute Trustee**, Defendant's assigns, agents, and representatives, and would respectfully show unto the Court the following:

I.
AUTOMATIC STAY PURSUANT TO  RULE 736.11
OF THE TEXAS RULES OF CIVIL PROCEDURE

Plaintiff hereby invokes Rule 736.11 (a) of the Texas Rules of Civil Procedure which states:

"A proceeding or order under this rule is automatically stayed if a respondent files a separate, original proceeding in a court of competent jurisdiction that puts in issue any matter related to the origination, servicing, or enforcement of the loan agreement, contract, or lien sought to be foreclosed prior to 5:00 p.m. on the Monday before the scheduled foreclosure sale."

Plaintiff's position is that he was never properly served by Defendants in Defendants' application for an expedited order under Rule 736 of the Texas Rules of Civil Procedure in Cause Number C-4430-18-B in the District Court, 93rd Judicial District, Hidalgo County, Texas.

## II.
## CASE LEVEL

Plaintiff believes that this case qualifies as a Level II case and discovery should be conducted as such.

## III.
## PARTIES

Plaintiff, **ANNA BELIA GARZA**, is a natural person who is a resident of Hidalgo County, Texas.

Defendants, **COMPASS BANK AND SELIM H. TAHERZADEH SUBSTITUTE TRUSTEE as Substitute Trustee** are entities

licensed to conduct business in the State of Texas and may be served with process and/or certified mail in accordance with the Texas Rules of Civil Procedure by serving their Attorneys of Record, **HONORABLE SELIM HASSAN TAHERZADEH**, Attorney at Law, 5001 Spring Valley Rd., 1020W, Dallas, TX 75244, Phone: (469) 729-6800, Email: st@taherzlaw.com, Attorney to Be Noticed for Defendant Compass Bank and Selim H. Taherzadeh Substitute Trustee **Attorneys for Defendant.** Substitute Trustee is sued only as a nominal party.

## IV.
## JURISDICTION AND VENUE

This court has jurisdiction to hear this case because it involves realty within Hidalgo County, Texas and matters relating to realty may be heard by this court.

Venue is proper in Hidalgo County, Texas because the real property in question is situated in Hidalgo County, and because Plaintiff's cause of action or a part thereof accrued in Hidalgo County, Texas. All the acts constituting Plaintiff's cause of action took place in Hidalgo County, Texas. The effect of all the acts

relevant to Plaintiffs' cause of action took place in Hidalgo County, Texas.

**V.**
**FACTS**

A.  The promissory note called for Plaintiff to make monthly payments.

B.  Plaintiff as collateral, granted by deed of trust, a security interest in real property which is the subject of this litigation.

C. Defendant accepted  late payments.

D.  Creditor has established a  course of accepting late payments.

E. Furthermore, Plaintiff will have an irreparable injury and/or have no adequate remedy at law if there is an acceleration and foreclosure.

The irreparable injury is that plaintiff will lose her equity in her homestead, will lose her homestead, will be evicted from her homestead.

The legal remedy of redemption is not the adequate and prompt legal remedy which would preclude the equitable remedy of temporary restraining order and

temporary injunction.

Redemption is an inadequate legal remedy because Plaintiff would have to marshal at one time all the funds to pay the entire balance on the loan secured by the deed of trust lien on the realty which is the subject of this litigation. If the Court were to vacate acceleration, Plaintiff would only be required to make monthly payments as initially agreed.

Similarly, a suit to set aside a foreclosure is an inadequate legal remedy because it involves protracted litigation. Even if a timely lis pendens notice were filed to preclude sale to a bona fide purchaser without notice, Plaintiff could still be evicted predicated upon the foreclosure.

Cause of Action: Breach of Contract

1. The parties to this cause of action are **ANNA BELIA GARZA** as Plaintiff and **COMPASS BANK AND SELIM H. TAHERZADEH SUBSTITUTE TRUSTEE as Substitute Trustee** as defendants. Trustee is a nominal party only.

2. The note and the deed of trust, having been signed together on the same day, are read together.

"More specifically, a deed of trust is construed along with the note it is intended to secure. ***Fin. Freedom Senior Funding Corp. v. Horrocks***, 294 S.W.3d 749, 753 (Tex. App.–Houston [14th Dist.] 2009, no pet.)."***Washington-Jarmon v. Onewest Bank***, FSB,513 S.W.3d 103,108-109hn3(Tex.App.–Houston[1st Dist.]2016)

A note and a deed of trust executed at the same time are construed as one contract. ***T.H.G.K. & T. Corp. v. Lipe***,399 S.W.2d 408(Tex.Civ.App.–Beaumont 1966,no writ)

"The note, deed and deed of trust having been executed at the same time, will be construed as one contract. ***San Antonio Real Estate, Bldg. & Loan Ass'n v. Stewart***, 94 Tex. 441, 61 S.W. 386." ***T.H.G.K. & T. Corp. v. Lipe***,399 S.W.2d 408,409hn3(Tex.Civ.App.–Beaumont 1966,no writ)

3. The deed of trust, considered with Texas law on foreclosures, is a contract. ***T.H.G.K. & T. Corp. v.Lipe***, 399 S.W.2d 408,409hn3(Tex.Civ.App.–Beaumont 1966,no writ)

**COMPASS BANK breached the contract by:**

    a. not sending a timely and specific breach letter.

    b. improperly accelerating the entire amount of the loan. The acceleration was improper **COMPASS BANK** did not give Plaintiff proper and timely notice of intent to accelerate. Bank accepted late payments and seeks to foreclose based on late payments.

c.  **COMPASS BANK** did not comply with the provisions of the Texas Property Code with respect to notice of intent to accelerate with respect to acceleration and with respect to opportunity to cure.

d.  Non-compliance with a provision of the deed of trust constitutes a breach of contract resulting in damages.

Evidence that purchaser breached specific provision of deed of trust was sufficient to support finding of breach of contract. *UMLIC VP LLC v. T & M Sales and Environmental Systems, Inc.*,176 S.W.3d 595,615hn55(Tex.App.--Corpus Christi-Edinburg 2005,pet.denied)

**Cause of Action and Damages**

"The elements of a breach of contract action are:

(1) the existence of a valid contract;

(2) performance or tendered performance by the plaintiff;

(3) breach by the defendant; and

(4) damages sustained by the plaintiff as a result of the breach. Southwell v. Univ. of Incarnate Word, 974 S.W.2d 351, 354–55 (Tex.App.-San Antonio 1998, pet. denied). The [Plaintiffs] contend that [Defendant] failed to provide notices as required by the deed of trust." *Sauceda v. GMAC Mortg. Corp.*,268 S.W.3d 135,140hn4(Tex.App.--Corpus Christi-Edinburg 2008,no pet.)

Improper or inadequate notice as required by the deed of trust constitutes a breach of the contractual element of the deed of trust.

> "[N]either letter contains 'a date, not less than 30 days from the date notice is given to Borrower[,] by which the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property.' Thus, [creditor's] own evidence constitutes some evidence that it did not perform the notice obligations that it promised in the deed of trust."" ***Sauceda v. GMAC Mortg. Corp.***,268 S.W.3d 135,140hn5(Tex.App.--Corpus Christi-Edinburg 2008,no pet.)

**Interlining:**

(1) the existence of a valid contract;

The deed of trust was a contract.

(2) performance or **tendered** performance by the plaintiff;

Plaintiff tendered late payments; Defendant accepted late payments.

(3) breach by the defendant;

Notice by defendant of impending acceleration was untimely and insufficient.

Notice by defendant of acceleration was

untimely and insufficient.

Notice by defendant of impending foreclosure was untimely and insufficient.

and (4) damages sustained by the plaintiff as a result of the breach.

Plaintiff suffered damage to her credit.

Impending or actual foreclosure damages one's credit.

> "Loss of credit is recoverable as actual damages in a suit where damage to credit was the necessary and usual result of the defendant's actions. *Mead v. Johnson Group, Inc.*, 615 S.W.2d 685, 688 (Tex.1981). The amount of damages must only be established with the degree of certainty to which it is susceptible. Southwestern Bell Tel. Co. v. Sims, 615 S.W.2d 858, 864 (Tex.Civ.App.-Houston [1st Dist.] 1981, no writ)." *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857,872hn36(Tex.App.-Dallas 2008,no pet.)

Furthermore, Plaintiff will have an irreparable injury and/or have no adequate remedy at Law. Irreparable injury is explained above.

Plaintiff purposefully does not state any federal cause of action and does not rely in this proceeding on any federal statute or the United States Constitution or upon any federal regulation or guideline. The only

rights Plaintiff intends to litigate are those concerning rights afforded them under the Texas Constitution of 1876, as amended, Texas statutes, Texas regulations, and the common law of Texas as it is known and understood in Texas. Plaintiff affirmatively avers that he has not alleged any cause of action relying on the US Constitution, nor upon any federal statute or regulation.

Plaintiff only sues the Trustee, or the trustee's successors in that capacity under the deed of trust, as a nominal party, inasmuch as no foreclosure has yet taken place.

### NO WAIVER OF WAIVER

"waiver of waiver":

The relevant paragraph, paragraph 14, of the February 25, 2016 Deed of Trust (Exhibit B) provides:

> "14. Lender may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.."

Without an agreement specific enough to provide that forbearance does not constitute waiver, the Creditor would not be authorized by agreement to accelerate the entire indebtedness and thereafter to foreclose its lien

predicated upon the accelerated debt in its entirety.

Examine paragraph 14 of the deed of trust (EXHIBIT B) dated February 25, 2016 and measure it by the specificity required by Texas law.  Paragraph 14 provides:

> "14.  Lender  may  remedy  any default without waiving it and may waive any default without waiving any prior or subsequent default.."

A creditor's acceptance of late payments waives its right to punctual payments and its right to accelerate the due date of the entire debt. **Bodiford v. Parker,** 651 S.W.2d 338(Tex.App.-Fort Worth 1983,no writ)

> "There is another type of waiver frequently present in cases of this type. That is the implied waiver of requirement of punctual payments by acceptance of payments made past the due date. **McGowan v. Pasol**, 605 S.W.2d 728 (Tex.Civ.App.—Corpus Christi 1980, no writ); **Diamond v. Hodges**, 58 S.W.2d 187 (Tex.Civ.App.—Dallas 1933, no writ) and Matter of Marriage of Rutherford, 573 S.W.2d 299 (Tex.Civ.App.—Amarillo 1978, no writ). In the instant case, appellee testified that the property involved was her homestead; that she had been late in making her payments (the record does not disclose with what frequency); that she believed the August 15, 1982 payment was mailed on August 26, 1982; that on August 26, 1982, she received a letter and Notice of Trustee's Sale from appellants' attorney. It is uncontroverted that appellants had accepted late payments in the past, and in addition to being required to give notice of intent to accelerate, he had *340

waived his right to rely upon the appellee's waiver contained in the Deed of Trust." **Bodiford v. Parker,**651 S.W.2d 338,339-340hn2(Tex.App.–Fort Worth 1983,no writ)

State law controls. **Erie R.Co.v.Tompkins,**304 U.S. 64(1938)

"Where application of the doctrine of **Swift v. Tyson,** by which Federal courts exercising jurisdiction on ground of diversity of citizenship need not in matters of general jurisprudence apply the unwritten law of the state as declared by its highest court but are free to exercise an independent judgment as to what the common law of a state is or should be, introduced grave discrimination by noncitizens against citizens and prevented uniformity in the administration of the law of a state and thereby invaded rights which were reserved by the constitution to the several states, abandonment of the doctrine was required. **Erie R.Co.v.Tompkins,**304 U.S. 64,77–78hn11938)."

The highest court of the state, the Texas Supreme Court, has reiterated the holding of **Bodiford v. Parker** that waivers of rights must be specific. See: **Shumway v. Horizon Credit Corp.,**801 S.W.2d 890,892hn5(Tex.1991).

"Waiver of presentment, notice of intent to accelerate, and notice of acceleration is effective if and only if it is clear and unequivocal; to meet that standard, waiver provision must state specifically and separately right surrendered. **V.T.C.A., Bus. & C.** § 3.511(b)(1). **Shumway v. Horizon Credit Corp.,**801

S.W.2d    890,892hn5(Tex.1991)    (reporter's summary,lw)"

The United States Court of Appeals for the Fifth Circuit recently noted the import of creditor's inconsistency:

"Loan assignee brought judicial foreclosure action against borrowers, and the United States District Court for the Western District of Texas, Robert Pitman, J., granted summary judgment in favor of assignee.  Borrowers appealed."

"Holding: The Court of Appeals, Stephen A. Higginson, J., held that under Texas law, as predicted by the court of appeals, loan assignee acted inconsistently by rescinding properly noticed acceleration, thereby restoring note to original terms and conditions, and then re-accelerating note without providing clear and unequivocal notice of intent to accelerate prior to filing suit.  Reversed and dismissal rendered. Wilmington Trust, **National Association v. Rob**,891 F.3d 174(5th Cir.2018)(reporter's summary,lw)"

The Fifth Circuit made clear its view that Texas law requires specificity to effect waiver:

"Texas courts disfavor acceleration because it imposes a severe burden on the mortgagor." **Schuhardt Consulting Profit Sharing Plan v. Double Knobs Mountain Ranch, Inc.**, 468 S.W.3d 557, 569 (Tex. App.—San Antonio 2014, pet. denied); see also **Mastin v. Mastin**, 70 S.W.3d 148, 154 (Tex. App.—San Antonio 2001, no pet.) ("Acceleration is a harsh remedy with draconian consequences for the debtor and Texas courts look with disfavor upon the exercise of this power

because great inequity may result.”). Further, a lender may lose the right to accelerate if its conduct is “inconsistent or inequitable.” **William J. Schnabel Revocable Living Tr. v. Loredo**, No. 13-13-00297, 2014 WL 4049862, at *5 (Tex. App.—Corpus Christi Aug. 14, 2014, no pet.) (quoting **McGowan v. Pasol**, 605 S.W.2d 728, 732 (Tex. App.—Corpus Christi 1980, no writ) ).” Wilmington Trust, **National Association v. Rob**,891 F.3d 174,176hn6(5th Cir.2018)

This waiver clause in this 2008 deed of trust is too general to be “clear and unequivocal.”

When it is uncontroverted that the creditor has accepted late payments, state law provides that such acceptance constitutes waiver of right to accelerate based on late payments.

“There is another type of waiver frequently present in cases of this type. That is the implied waiver of requirement of punctual payments by acceptance of payments made past the due date. *McGowan v. Pasol*, 605 S.W.2d 728 (Tex.Civ.App.—Corpus Christi 1980, no writ); *Diamond v. Hodges*, 58 S.W.2d 187 (Tex.Civ.App.—Dallas 1933, no writ) and Matter of Marriage of Rutherford, 573 S.W.2d 299 (Tex.Civ.App.—Amarillo 1978, no writ). In the instant case, appellee testified that the property involved was her homestead; that she had been late in making her payments (the record does not disclose with what frequency); that she believed the August 15, 1982 payment was mailed on August 26, 1982; that on August 26, 1982, she received a letter and Notice of Trustee's Sale from appellants' attorney. It is uncontroverted

that appellants had accepted late payments in the past, and in addition to being required to give notice of intent to accelerate, he had *340 waived his right to rely upon the appellee's waiver contained in the Deed of Trust." ***Bodiford v. Parker***, 651 S.W.2d 338,339-340hn2 (Tex.App.–Fort Worth 1983,no pet.)

***Bodiford*** holds that the acceptance of late payments itself waived his right to rely upon the appellee's waiver contained in the Deed of Trust.

"It is uncontroverted that appellants had accepted late payments in the past, and in addition to being required to give notice of intent to accelerate, he had *340 waived his right to rely upon the appellee's [debtor's, lw] waiver contained in the Deed of Trust." ***Bodiford v. Parker***, 651 S.W.2d 338, 339-340hn2 (Tex.App.–Fort Worth 1983,no pet.)

The material fact issue is whether creditor ever accepted late payments.

The dispositive legal question is whether such acceptance constitutes "waive[r] [of the creditor's right to rely upon the [debtor's] waiver contained in the Deed of Trust." State law as noted in ***Bodiford*** holds that such acceptance of late payments does indeed constitute waiver of the creditor's right to rely upon the debtor's waiver contained in the deed of trust.

The District Court should determine that acceleration of the debt based on late payments was not warranted and should enjoin foreclosure based on acceleration.

Waiver clause in deed of trust is too general to "specify the exact conduct the clause permits to be done without effecting a waiver".

The waiver clause in this 2008 deed of trust is too general to "specify the exact conduct the clause permits to be done without effecting a waiver".

To raise waiver, the conduct must be inconsistent with the non-waiver clause. ***Shields LP v. Bradberry***, 526SW3d471, 474, 482-483(Tex.2017)

However, this waiver clause is so general that it would not be possible to specify "the exact conduct the clause permits to be done without effecting a waiver".

> "We agree a nonwaiver provision absolutely barring waiver in the most general of terms might be wholly ineffective. But we cannot agree that a nonwaiver provision is wholly ineffective in preventing waiver through conduct the parties explicitly agree will never give rise to waiver." ***Shields*** at 484 hn10"

This waiver clause in this deed of trust is too general to agree "explicitly". The District Court should

not enforce the purported waiver precisely because it is not explicit enough to provide that the creditor does not waive its right to accelerate the entire debt by accepting late payments because the waiver clause is so general.

The Court should determine that acceleration is unwarranted because the creditor accepted late payments and the "no waiver of waiver" clause is ineffective because it is too general to constitute the explicit agreement required by Shields.

The Court should determine that foreclosure predicated upon acceleration is unwarranted because the acceleration itself is illicit because acceptance of late payments makes the "no waiver of waiver" clause in ¶12 of the Deed of Trust ineffective in the absence of any explicit agreement and the "no waiver of waiver" clause is too general to provide such explicit agreement.

This is the "clause barring waiver in general terms" which *Shields* held could be "wholly ineffective".

The bank's action in accepting late payments waives its no waiver clause in the deed of trust.

The bank's inaction, failure to accelerate on

accepting late payments, waived its no waiver in the deed of trust.

**COMPASS BANK** has waived its rights under any Waiver clause by repeatedly accepting late payments in the past in succession without doing any of the following: giving notice of intent to accelerate, accelerating, giving notice of intent to foreclose, foreclosing, proceeding to foreclose.  Forbearance to use those rights under the circumstance of repeated acceptance of late payments constitutes waiver of those rights and abandonment. ***Sexton v. Deutsche Bank Nat'l Trust Co.,*** No. 17-10208,8 (5th Cir., Apr. 24, 2018).

> "Appeal was taken from a judgment of the 153rd District Court, Tarrant County, Sidney C. Farrar, Jr., J., granting temporary injunction prohibiting mortgagee from foreclosing on real property. The Court of Appeals, Ashworth, J., held that: (1) where there was no notice of intent to accelerate mortgage due to late payment, mortgagees could not accelerate even if further notice of acceleration was waived under deed of trust; (2) where mortgagees had accepted late payments in past, they waived requirement of punctional payments, and thus could not accelerate on mortgage due to subsequent late payment; and (3) mortgagees were not entitled to accelerate where notice of trustee's sale was accompanied by letter advising mortgagor that she was obligated to pay penalty as well as principal

and interest, as note in deed of trust did not disclose any provision for penalty as demanded in letter." **Bodiford v. Parker,**651 S.W.2d 338,339hn1(Tex.App.--Fort Worth 1983,no pet.)

"[S]ince there was no proper notice of intent to accelerate, any attempted acceleration was ineffective." **Ogden v. Gibraltar Sav. Ass'n,** 640 S.W.2d 232, 234 (Tex.1982) Cited at: **Bodiford v. Parker,**651 S.W.2d 338,339hn1(Tex.App.--Fort Worth 1983,no pet.)

1.      Creditor accepted late payments

2.      Creditor failed to provide a right to cure period, that it failed to give them time to cure before accelerating the debt.

Both could support Client's claim for injunctive relief. The Petition sought injunctive relief against foreclosure and alternatively, damages for wrongful foreclosure if foreclosure occurred. The nonoccurrence of foreclosure did not moot injunctive relief because the Creditor could renotice the sale without connecting those two issues.

Property Code §51.002(d) requires a notice of default and opportunity to cure before the mortgagee can serve the notice of sale. Noncompliance with §51.002 would support a temporary injunction to restrain the sale. *See* **Branham v. Short,** 526 S.W.2d 639. 642-43 (Tex. Civ. App.-Fort Worth 1975, no writ). Even though

the TRO cancelled the first foreclosure sale. Creditor
might notice foreclosure again without sending new
notices of default and acceleration.    There is an
objective basis that the injunctive relief claim had a
factual and legal basis, and remains necessary should the
Creditor serve new notice of foreclosure sale.

Additionally, the verified petition provides a
basis that timely payment had been waived so that
Client was not in default.   There is another type of
waiver frequently present in cases of this type.  That
is the implied waiver of the requirement of punctual
payments by acceptance of payments made past the due
date.    *McGowan v. Pasol,* 605 S.W.2d 728 (Tex. Civ.
App.-Corpus Christi 19880, no writ); *Zwick v. Lodewijk
Corp.,* 847  S.W0.2d 316,318-19(Tex. App.- Texarkana
199, no writ).

Creditor relied on a non-waiver clause in the Deed
of Trust.  However, non-waiver clauses can be waived. *See
Bott v. J. F. Shea Co.,* 388 F.3d 530, 534 (5th Cir. 2004);
*W & T Offshore. Inc. v. Apache Corp.,* No. 11-2931, 2014
WL 198492, 2014 U.S. Dist. LEXIS 5764, *41-46 (S.D.Tex.
Jan. 16, 2014), *aff'd,* 644 Fed. Appx. 349 (5th Cir. 2016);
*EWB-I, LLC v. PlazAmericas Mall Tex.,* LLC. 527 S.W.3d 447,
467-69 (Tex. App.-Houston [1st Dis t.] 2017, pet.

denied); *Zwick* 847 S.W..2d at 316.

A non-waiver clause does not conclusively negate the possibility of waiver and the non-waiver clause can be waived. *Shields LP v. Bradberry,* 526 S.W.3d 471, 474, 482-83 (Tex. 2017): WEB-I. LLC, 527 S.W.3d at 467-68.  To raise waiver, the conduct must be inconsistent with the non-waiver clause.  *Shields,* 526 S.W.3d at 484. The clause may be enforced where the conduct is the exact conduct the clause permits to be done without effecting a waiver. *Id.* (lease specifically provided that accepting late payments "shall not be a waiver" and required waivers be written). However, a clause barring waiver in general terms might be wholly ineffective. *Id.*

For that reason, applying the non-waiver clause may be fact specific. *See e.g., EWB-I,* 527 S.W.3d at 468-69 (clause barred waiver only through inaction, not waiver by affirmative conduct). A non-waiver provision does not disclaim abandonment, e.g., a claim the creditor has abandoned a prior declaration of default or acceleration. *Sexton v. Deutsche Bank Nat'l Trust Co.,* No. 17-10208, 2018 U.S. App. LEXIS 10375, *8 (5th Cir., Apr. 24, 2018).

Here, as noted above, the Waiver Clause in the Deed of Trust is too general to be an explicit agreement.  This

waiver in ¶12 does not address accepting late payments. Compare *EWB-I,* 527 S.W.3d at 468-69. Therefore, there was a legal basis to argue acceptance of late payments waived timely payment, and either (a) Creditor waived the non-waiver clause, or (b) the clause did not specifically apply to late payments or (c) Creditor abandoned any right to accelerate.

**X.**
**TEMPORARY RESTRAINING ORDER**

Therefore, Plaintiff requests that the Court, after Defendants are served with citation, issue a temporary restraining order and temporarily restrain and enjoin Defendants from doing any of the following acts:

1. Entering Plaintiff's premises located at 1909 Bald Cypress Dr., Weslaco, Texas 78596

2. Forcibly removing Plaintiff **ANNA BELIA GARZA** and/or her family and/or her personal property from the premises located at 1909 Bald Cypress Dr., Weslaco, Texas 78596. 3. Taking any action and/or affirmative steps to remove Plaintiff and/or the family from the premises located at 1909 Bald Cypress Dr., Weslaco, Texas 78596.

4. Enforcing any judgment and/or writ of possession with respect of the premises located at 1909 Bald Cypress Dr., Weslaco, Texas 78596.

5. And/or any other acts that will tend to interfere

with Plaintiff's occupation and/or enjoyment of the premises located at 1909 Bald Cypress Dr., Weslaco, Texas 78596 to include the foreclosure of said property as scheduled.

**XI.**
**JURY TRIAL**

Plaintiff requests a Jury Trial.

**XII**
**RELIEF REQUESTED**

A. Plaintiff requests, after trial on the merits, that a judgment be entered to prevent the foreclosure of said property, and/or setting aside any foreclosure sale which has occurred or may occur.

B. Plaintiff also requests that Defendant be found liable for actual damages.

C. Such damages are in excess of the minimum jurisdictional limits of this court, for which Plaintiff hereby sues.

D. Plaintiff also requests an award of reasonable attorney's fees. Such award should contain additional awards contingent on appeal.

E. Plaintiff also requests pre-judgment and post-judgment interest at the maximum rate as provided by law.

F. Plaintiff also requests all costs of court.

G. Additionally, after notice and hearing, and after the issuance of a temporary restraining order without notice and temporary injunction, such temporary restraining order and temporary injunction maintain the status quo and that would prevent Defendant acting alone or in concert with its agents, employees, assigns and/or representatives, from foreclosing, selling or attempting to sell the property in question directly or through a trustee and/or an agent acting on Defendant's behalf. Each piece of real property in unique and sale of the property would harm Plaintiff.

Plaintiff possesses no adequate remedy at law, as noted above.

H. All conditions precedent have been satisfied.

I. Plaintiff requests that a bond requirement be waived.

J. Plaintiff purposely has not sought relief based on the US Constitution nor on any federal statute or regulation. Plaintiffs aver that they do not seek any federal remedy.

WHEREFORE, PREMISES CONSIDERED, Plaintiff in the above-styled and numbered cause, respectfully pray that a temporary restraining order be granted without notice and Defendant be cited to appear and answer herein, that

after a hearing, that a temporary injunction be entered, that this court enter a judgment prohibiting Defendant and its agents from attempting to foreclose and from taking any steps to foreclose or to hold a foreclosure sale and, in the event that a foreclosure sale has occurred, then, setting aside any foreclosure sale and awarding damages or reasonable attorney's fees or pre-judgment and post-judgment interest at the maximum rate as provided by law, and for all other and further relief, either at law or in equity, to which Plaintiff shows himself justly entitled to receive.

Plaintiffs request general, legal, and equitable relief.

### CONCLUSION AND REQUEST FOR RELIEF

The District Court should examine paragraph 14 of the 2016 deed of trust; it should determine that any attempted waiver of right to accelerate by acceptance of late payments is ineffective because paragraph 14 is not "clear and unequivocal".

The District Court should determine that foreclosure predicated upon late payments is precluded in the instant matter because the purported waiver in paragraph 14 of the 2016 deed of trust is not "clear and unequivocal".

The District Court should enjoin foreclosure.

Respectfully submitted
January 14, 2019

By:

Larry Warner,
Attorney at Law
3109 Banyan Drive
Harlingen, Texas 78550
Office: 956-230-0361
Facsimile: 1-866-408-1968
Email: office@larrywarner.com
State Bar of TX 20871500;
USDC, SDTX 1230(1981),
Board Certified,
Texas      Board      Legal
Specialization(1983),
Member Committee
on Pattern, Jury Charges,
State Bar of Texas
(2014-2017)
**LEAD ATTORNEY FOR
ANNA BELIA GARZA**